IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIANE CHUNG, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:23-CV-2605-L-BK |
| | § | |
| CARTIER NORTH AMERICA, INC., | § | |
| COMPAGNE FINANCIÈRE | § | |
| RICHEMONT S.A., SARAH GIRARD, | § | |
| ALEX TWOMEY, AND KRISTI ARNOLD, | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Orders of Reference* (Doc. 22;

Doc. 23), *Defendant Sarah Girard's Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended*

*Complaint*, Doc. 15, and *Defendant Kristi Arnold's Rule 12(b)(6) Motion to Dismiss Plaintiff's*

*Amended Complaint*, Doc. 16, are before the Court for findings and recommended dispositions.

For the reasons that follow, the motions should be **DENIED**.

## I. BACKGROUND

Plaintiff Diane Chung ("Chung") was formerly employed by Defendants Richemont

North America, Inc., d/b/a Cartier North America, Inc., and Compagnie Financière Richemont

S.A. (collectively, "Cartier"). Doc. 12 at 3. Beginning in 2017, Chung worked at the Cartier

store located at Highland Park Village, in Dallas, Texas. Doc. 12 at 3. Chung alleges she "is an

Asian woman and is one of the highest selling, most successful, Cartier employees in all of North

America and was harassed because she is Asian." Doc. 12 at 1. Chung also alleges that Cartier

employed Defendants Sarah Girard ("Girard") and Kristi Arnold ("Arnold"), both of whom were

managers at the Cartier in Highland Park Village.  Doc. 12 at 4.  She alleges her work

environment was riddled with racial discrimination and hostility perpetrated and tolerated by

Cartier and Girard and Arnold.  Doc. 12 at 5-11.  Chung asserts claims under 42 U.S.C. §1981

against Cartier, Girard, and Arnold for hostile work environment, constructive discharge, and

retaliation.  Doc. 12 at 12-14.

Defendants Girard and Arnold move to dismiss the claims against them as alleged in the

First Amended Complaint pursuant to Rule 12(b)(6).  In the sole ground of their nearly identical

motions, Girard and Arnold contend that Chung's allegations regarding their control over her

working conditions and employment at Carter are conclusory and, therefore, insufficient to state

a plausible claim for individual liability under Section 1981.  *See* Doc. 15 at 7-8; Doc. 16 at 7-8.

## II. APPLICABLE LAW

### A. Rule 12(b)(6)

A plaintiff fails to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6)

when the complaint does not contain "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To overcome a Rule 12(b)(6)

motion, a plaintiff's "complaint must contain either direct allegations on every material point

necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be

drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San

Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).  In ruling on a motion to dismiss,

a court must accept all factual allegations in the complaint as true. *Twombly*, 550 U.S. at 572.

Nevertheless, a complaint should not simply contain conclusory allegations, but must be pled

with a certain level of factual specificity, and the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citation and quotation omitted).

### B.  42 U.S.C. § 1981

Section 1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens[.]" 42 U.S.C. § 1981(a).  The phrase "make and enforce contracts" is defined to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

"To prevail under section 1981, the plaintiff must prove a *prima facie* case of intentional discrimination." *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997) (citing *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996)).  "The plaintiff may establish a *prima facie* case by direct evidence or, more commonly, by circumstantial evidence of discriminatory motive." *Id.* (citations omitted).  "To establish a section 1981 claim, the plaintiff must show that (1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute[.]" *Id.* (citation omitted).  The Fifth Circuit considers racial discrimination and retaliation claims based on Title VII and 42 U.S.C. § 1981 "under the same rubric of analysis." *Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 399 (5th Cir. 2021) (citation omitted).

### III. ANALYSIS

Defendants Girard and Arnold move to dismiss the claims against them pursuant to Rule 12(b)(6), contending that Chung's allegations in the First Amended Complaint "are mere labels, legal conclusions, conclusory statements, and naked assertions devoid of factual enhancement—all insufficient to make a plausible basis for individual liability against Girard under Section 1981." Doc. 15 at 7; Doc. 16 at 7. In response to both, Chung asserts that each "[m]otion grasps at straws and asks this Court to ignore the well pled facts which easily meet the requirements of a well-pled and plausible complaint." Doc. 19 at 9; Doc. 20 at 9.

A plaintiff can state a claim under Section 1981 against an individual defendant who is not a party to the employment contract where the individual defendant is "essentially the same" as the employer for the purposes of the conduct alleged. *Felton v. Polles*, 315 F.3d 470, 480-81 (5th Cir. 2002). In other words, where an individual defendant exercised "control over the plaintiff with respect to an employment decision," that defendant "may be individually liable if the [defendant] was 'essentially the same' as the employer in exercising this authority." *Miller v. Wachovia Bank, N.A.*, 541 F. Supp. 2d 858, 863 (N.D. Tex. 2008) (Fitzwater, J.) (citing *Foley v. University of Houston*, 355 F.3d 333, 337-38 (5th Cir. 2003)). Nevertheless, any § 1981 claims against "non-supervising employees must be dismissed." *McLennan v. Oncor Elec. Delivery Co. LLC*, No. 3:12-CV-00531-G-BF, 2012 WL 3072340, at *4 (N.D. Tex. July 6, 2012), *report and recommendation adopted*, No. 3:12-CV-0531-G-BF, 2012 WL 3079063 (N.D. Tex. July 30, 2012), *aff'd sub nom. McLennan v. Veitch*, 519 F. App'x 260 (5th Cir. 2013); *see also Brown v. Valvoline, LLC*, No. 4:22-CV-04059, 2024 WL 990056, at *2 (S.D. Tex. Mar. 7, 2024) (same).

Here, while the First Amended Complaint is not prolix, it alleges sufficient facts under the *Twombly* standard to survive Girard's and Arnold's respective motions to dismiss.  In particular, the Amended Complaint alleges:

> • Defendants Arnold and Girard are, essentially, an arm of the employer and are, for all purposes of Plaintiff's employment, one and the same as Defendant Cartier.
>
> • Defendants Arnold and Girard can and do control Plaintiff's working conditions, control her at will employment, engage and administer conversations between Plaintiff and Cartier, control and effect Plaintiff's pay from Cartier, and control Plaintiff's working hours.
>
> • Defendant Arnold was and is an employee of Cartier who was trusted by Plaintiff to hear her complaints of discrimination and harassment and to put an end to them.
>
> • Instead, Defendant Arnold, who, as a manager, is imbued with a duty to root out and end discrimination, failed to do so and, in fact, adamantly pressured Plaintiff not to complain about discrimination.
>
> • Defendant Arnold is essentially the same as Cartier because she was the primary, if not sole, conduit for which Plaintiff's complaints of discrimination were heard and, ultimately, ignored.
>
> • Defendants Arnold and Girard had complete and unfettered authority to end that contract and/or make alterations to it on behalf of Cartier.
>
> • Defendant Cartier also has control over Plaintiff's employment, but that control is shared with Defendants Girard and Arnold as they are the primary agents and arms of Cartier tasked with controlling Plaintiff's employment and, thus, are the same as Cartier.

Doc. 12 at 4-5.

Accepting all well-pleaded facts in the First Amended Complaint as true and viewing them in the light most favorable to Chung, Chung has plausibly alleged—at this pleadings stage—that Girard and Arnold exercised supervisory control over her such that they were "essentially the same" as her employer, Cartier, for the purposes of individual liability under §

5

1981.  As Girard and Arnold fail to challenge the Amended Complaint on any other basis, their

respective motions to dismiss should be denied.

## IV. CONCLUSION

For the reasons set forth above, *Defendant Sarah Girard's Rule 12(b)(6) Motion to
Dismiss Plaintiff's Amended Complaint*, Doc. 15, and *Defendant Kristi Arnold's Rule 12(b)(6)
Motion to Dismiss Plaintiff's Amended Complaint*, Doc. 16, should be **DENIED.**

**SO RECOMMENDED** on August 19, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b).   An objection must identify the specific finding or
recommendation to which objection is made, state the basis for the objection, and indicate the
place in the magistrate judge's report and recommendation where the disputed determination is
found.  An objection that merely incorporates by reference or refers to the briefing before the
magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved
party from appealing the factual findings and legal conclusions of the magistrate judge that are
accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v.
United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on
other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).